1  LEONARDO M. RAPADAS
   United States Attorney
2  Districts of Guam and the Northern Mariana Islands
   BEVERLY R. McCALLUM
3  Assistant United States Attorney
   Horiguchi Building, Third Floor
4  P.O. Box 500377
   Saipan, MP 96950
5  Telephone:  (670) 236-2980
   Facsimile: (670) 236-2985
6

F I L E D
Clerk
District Court

MAY 1 5 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

7

UNITED STATES DISTRICT COURT

8

DISTRICT OF THE NORTHERN MARIANA ISLANDS

9

10   UNITED STATES OF AMERICA,                    Case No.:  CR 08-00017-003

11             Plaintiff,
          v.
12                                                GOVERNMENT'S MOTION TO
     DOMINIC CHPTWELONG,                          CORRECT INDICTMENT AS TO
13   MASAIOSHY DAIKICHI SALLEM, and               COUNT III
     JAMES OCHCHA,
14
               Defendant.
15

16   _____

17        The United States of America, by and through undersigned counsel, hereby moves this

18   Court to correct the typographical error in the statutory citation in Count III of the Indictment

19   in this cause from "Title 21," to "Title 18," for the reasons set forth in the accompanying

20   Memorandum of Points and Authorities.

21

22        Respectfully submitted this 15th day of May 2008.

23

24                                          LEONARDO M. RAPADAS
                                            United States Attorney
25                                          Districts of Guam and the Northern Mariana Islands

26                                          BEVERLY R. McCALLUM
                                            Assistant United States Attorney
27

28

1

2                    **MEMORANDUM OF POINTS AND AUTHORITIES**

3    **A.    FACTS AND PROCEDURAL HISTORY**

4          On May 14, 2008, Defendant James Ochcha and two others were indicted by the federal Grand

5    Jury for Conspiracy to Sell Government Property and Theft of Government Property.  Defendant

6    Ochcha was also charged in the same indictment with Destruction of a Veterans' Memorial, and this

7    Court issued a warrant for his arrest on May 14, 2008.  All three of the charged offenses are

8    violations of Title 18 of the United States Code.  However, Count III of the Indictment, which tracks

9    the statutory language and elements of 18 U.S.C. § 1369, incorrectly reads "Title 21, United States

10   Code, Section 1369."

11         The government avers as follows:

12         1.)    Undersigned counsel prepared the typewritten portions of the Indictment in this cause,

13   which was returned by the Grand Jury in open court on May 14, 2008.

14         2.)    Undersigned counsel made a typographical error in the preparation of that document;

15   specifically, by inadvertently including "Title 21," instead of "Title 18" in the citation to

16   Count III, as against Defendant Ochcha.

17         3.)    The United States Code does not appear to include a Title 21, Section 1369.

18         Thus, the government now requests that the typographical error be corrected.

19

20   **B.    LAW AND APPLICATION**

21         Clear typographical errors in an indictment may be corrected, as long as they do not mislead the

22   defendant as to the charges against him or her, and so long as the defendant is not prejudiced by the

23   incorrect citation. *United States v. Lim*, 984 F.2d 331 (9th Cir. 1993) (allowing amendment to correct

24   an erroneous statutory citation in the indictment), *cert. denied* 508 U.S. 965 (1993) ("*Lim*"); *United*

25   *States v. Kilbride*, 2007 WL 1662070, at *2 (D. Ariz. June 4, 2007) (typographical error was clear,

26   correction was allowed, and defendants were not misled or prejudiced where indictment "language

27   immediately preceding the statutory citation tracked" the proper statutory subsection "word-for-

28   word") ("*Kilbride*"); *United States v. Ford*, 2006 WL 2916815, at *1 (D. Idaho Oct. 10, 2006)

1 | (typographical error stricken where defendant was not prejudiced and where offense conduct was

2 | clearly charged in the indictment).

3 | Even in an appellate, rather than a pre-arrest context, "a minor or technical deficiency in the

4 | indictment will not cause reversal of a conviction absent prejudice to the defendant." *United States*

5 | *v. Neill*, 166 F.3d 943, 947 (9th Cir. 1999). Additionally, unless the defendant was misled or

6 | prejudiced, "neither an error in a citation nor a citation's omission is a ground to dismiss the

7 | indictment . . . or to reverse a conviction." FED. R. CRIM. P. 7(c)(3).

8 | In the instant case, as in *Lim* and *Kilbride*, there is a typographical error in the statutory citation

9 | of a charge in the indictment. As was the case in *Kilbride*, the affected count of the instant

10 | indictment closely tracks the statutory language and elements of the correct offense. At present,

11 | defendant Ochcha has not been located or arrested, so ostensibly he has not begun to prepare his

12 | defense.

13 | On these facts, defendant Ochcha could not have been confused or prejudiced relative to the

14 | offense charged in Count III. Additionally, even absent a correction to the Indictment, it would have

15 | been clear to defendant Ochcha that he was being charged with Destruction of Veterans' Memorials

16 | in violation of the United States Code, and what the elements of the offense were.

17 |

18 | **C.    CONCLUSION**

19 | Based on the above considerations and in the interests of justice, the Government moves this

20 | Court to correct the language of the citation in Count III of the indictment, as to defendant Ochcha,

21 | by removing the typographical error "21" and replacing it with "18," so that the language reads "in

22 | violation of Title 18, United States Code, Section 1369."

23 | Respectfully submitted this 15th day of May, 2008.

24 |

25 | LEONARDO M. RAPADAS
   | United States Attorney

26 | Districts of Guam and the Northern Mariana Islands

27 |

28 | Assistant United States Attorney