LEONARDO M. RAPADAS
United States Attorney
BEVERLY R. McCALLUM
Assistant United States Attorney
District of the Northern
    Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP  96950

Tel:  (670) 236-2980
Fax: (670) 236-2985

**F I L E D**
Clerk
District Court

JUN 2 7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| UNITED STATES of AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>DOMINIC CHIPWELONG,<br>a.k.a. DOMINIC CHPTWELONG,<br><br>          Defendant. | ) Case No.:   08 - 00017 - 001<br>)<br>) **PLEA AGREEMENT**<br>)<br>) Date:<br>) Time:<br>) Judge:    Hon. Alex R. Munson<br>)<br>)<br>)<br>) |

Pursuant to Rules 11(c)(1), (c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, DOMINIC CHIPWELONG, have reached a plea agreement in the above-captioned case.  Defendant has been advised and understands that, under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the terms of this agreement are merely recommendations to the Court.  The Court can reject them without permitting Defendant to withdraw his plea of guilty and can impose a sentence that is more severe than he anticipates.

The Agreement follows:

1.     Under Rule 11(c)(1) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), Defendant will plead guilty to Count I of the Indictment, which charges him with one count of Conspiracy to Sell Government Property in violation of 18 U.S.C. §§ 371 and 641, a Class D felony.  Defendant will also plead guilty to Count II of the Indictment, which charges him with one count of Theft of Government Property in violation of 18 U.S.C. § 641, a Class C felony.  Defendant agrees that the time between the filing of this agreement and the date Defendant is sentenced following his change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2.     In exchange for Defendant's guilty plea:

a.     Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government will recommend that the Court impose a term of imprisonment at the low end of the applicable range of sentences for the offense level, as determined by the Court under the United States Sentencing Guidelines ("U.S.S.G.," the "guidelines," or the "sentencing guidelines").  This term shall not include probation or a split-sentence, even if permitted under the guidelines.

b.     Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the government agrees to bring no further charges, including but not limited to charges of false statements, against Defendant arising from the offense conduct charged in the Indictment or information learned during the investigation that brought about this plea agreement, if any.

c.     Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government will recommend a two-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), provided Defendant continues to demonstrate such acceptance through sentencing.  As of the date of this agreement, Defendant has timely notified authorities of his intention to enter a plea of guilty.  If, and only if, Defendant

i. pleads guilty pursuant to this agreement;

ii. on or before the date scheduled by the Court; and if

iii the adjusted offense level prior to the application of U.S.S.G.

§ 3E1.1(a) is sixteen (16) or greater,

the government will move the Court for an additional one-level downward adjustment in the

offense level under U.S.S.G. § 3E1.1(b).

 d. Should Defendant move for a two-level downward adjustment for

having had a role as a minor participant in the offense under U.S.S.G. § 3B1.2(b) and *United

States v. Webster*, 996 F.2d 209 (9th Cir. 1993), the government, pursuant to Fed. R. Crim. P.

11(c)(1)(B), will not oppose the motion and will leave the ruling on that motion to the Court's

discretion.

 3. The United States and Defendant stipulate to the following facts and

application of the guidelines:

 a. The amount of loss attributable to the offense conduct in Counts I and

II of the Indictment is $35,490.40.  The parties stipulate that this amount should be used for

the purposes of statutory and U.S.S.G. calculation.

 b. The applicable section of the guidelines for the offenses to which

Defendant is pleading guilty is § 2B1.1.

 4. Except as expressly provided in paragraphs two (2) and three (3). above, the

parties have made no agreement concerning the facts, the guidelines, or their application to

this case.  Both parties reserve the right to present and argue evidence on all matters affecting

the guidelines calculation.

5.    The government reserves its full right of allocution, including the right to present to any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and the right to answer without limitation any questions asked by the Court.

6.    Defendant has been advised and understands that if the Court accepts his plea, he will be adjudged guilty of a felony offense and that such adjudication may deprive him of certain civil rights or privileges.

7.    The maximum statutory penalties for the offense in Count I of the Indictment to which Defendant is pleading guilty are as follows:

      a.    a term of imprisonment of up to five (5) years;

      b.    a fine of up to two hundred fifty thousand dollars ($ 250,000.00);

      c.    a term of supervised release of not more than three (3) years; and

      d.    a mandatory special assessment of one hundred dollars ($100.00).

8.    The maximum statutory penalties for the offense in Count II of the Indictment to which Defendant is pleading guilty are as follows:

      a.    a term of imprisonment of up to ten (10) years;

      b.    a fine of up to two hundred fifty thousand dollars ($250,000.00);

      c.    a term of supervised release of not more than three (3) years; and

      d.    a mandatory special assessment of one hundred dollars ($100.00).

9.    Defendant agrees to pay the mandatory special assessments no later than the date of his sentencing with a money order or certified check payable to the Clerk, United States District Court.  Failure to do so, unless the Court makes a finding of indigence, will

relieve the government of its obligation to recommend a reduction in the offense level for an acceptance of responsibility under the guidelines.

10.    Defendant understands that the Court must consider the sentencing guidelines in determining an appropriate sentence in this case but that the guidelines are only advisory and are not binding on the Court. Defendant also understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is advised and further understands that, even if the Court's guideline determinations and sentence are higher than Defendant may expect, Defendant will not be allowed to withdraw his guilty plea. And Defendant understands that, in the United States Penal System, there is no parole and if the Court sentences him to jail he will not be released on parole.

11.    Defendant understands that he may have the right to file a direct appeal from his conviction or sentence. Defendant knowingly and voluntarily waives any right he may have to file such an appeal. Defendant also waives any and all motions, defenses, probable cause determinations, and objections which he could assert to the indictment or to the Court's entry of judgment against him and imposition of sentence upon him. Defendant further waives:

a.    any right to appeal the Court's entry of judgment against him;

b.    any right to appeal the imposition of sentence upon Defendant under 18 U.S.C. § 3742 (sentence appeals); and

c.      any right collaterally to attack Defendant's conviction and sentence

under 28 U.S.C. §§ 2255 and 2241, motions to reconsider or reduce his sentence, or any other

collateral attack.

Defendant acknowledges that this waiver shall result in the dismissal of any appeal or

collateral attack that he might file challenging his conviction or sentence in this case.  This

waiver, however, does not prevent Defendant from challenging the effectiveness of his

attorney after conviction.

12.    This agreement does not affect the rights or obligations of the United States as

set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the

Court's sentencing determinations.

13.    Defendant has been advised and understands that he has the following rights:

a.      the right to plead not guilty and to persist in that plea;

b.      the right to a jury trial;

c.      the right at trial to be presumed innocent and require the government to

his guilt beyond a reasonable doubt;

d.      the right to be represented by counsel – and, if necessary, have the

Court appoint counsel to represent Defendant – at trial and every other critical stage of the

proceeding;

e.      the right at trial to see and hear all of the witnesses and for his counsel

to cross-examine them in his defense;

f.      the right at trial to testify and present evidence but only if he

voluntarily elected to do so;

g.      the right at trial to the issuance of subpoenas or to compel the attendance of witnesses to testify in his defense; and

h.      the right at trial, if he decided not to testify or present evidence, not to have those facts used against him and to be otherwise protected against self-incrimination. Defendant is advised and further understands that, if he pleads guilty and the Court accepts his plea, he waives all of these rights.

14.    Defendant has been advised that the offenses to which he is pleading guilty have separate and distinct elements or parts.

a.      Count I of the Indictment charges Defendant with Conspiracy to Sell Government Property. This offense has three (3) elements. Those elements are:

i.      There was an agreement between two or more persons to commit the offense of unauthorized Sale of Government Property in violation of 18 U.S.C. § 641;

ii.     Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

iii.    One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with the finder of fact agreeing on a particular overt act.

b.      Count II of the Indictment charges Defendant with Theft of Government Property. This offense has three (3) elements. Those elements are:

i.      Defendant knowingly stole property of value with the intention of depriving the owner of the use or benefit of the property;

ii.     The property belonged to the United States; and

iii.     The value of the property was more than $1,000.00.

Defendant understands that if the case against him were to go to trial, the government would have to prove each of these elements beyond a reasonable doubt.

15.     This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

16.     Defendant understands that if he violates this agreement in any way, the government will have considered the agreement to have been breached. In that event, Defendant shall not have the right to withdraw his plea of guilty. The government, however, will be released from all obligations and restrictions imposed by the agreement. The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

a.     go forward with the guilty plea and sentencing;

b.     make any and all sentencing recommendations that it deems appropriate;

c.     treat the agreement as a nullity, that is, as though the parties had never entered into it, withdraw the agreement, and go to trial on the Indictment;

d.     pursue additional charges against Defendant; and

e.     use against Defendant, in this and in any other prosecution and proceeding, any and all information, statements, and testimony – including stipulations made in this agreement – that he has provided at any time to the government, the grand jury, or to the Court.

17.     This agreement is limited to the District of the Northern Mariana Islands.  It does not bind any other federal, state, or local authorities.

18.     This agreement constitutes the entire agreement between the parties.  No other promises or inducements have been made concerning the plea in this case.  Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter into this agreement.  Any additions, deletions, or modifications to this agreement must be made in writing and signed by all parties in order to be effective.

19.     Counsel for Defendant states that he has read this agreement, been given a copy of it for his files, explained it to Defendant, and states that to the best of counsel's knowledge and belief, Defendant understands the agreement.

20.     Defendant states that he has read this agreement or had it read to him, has discussed it with his counsel, understands it, and agrees to its provisions.


_____
DOMINIC CHIPWELONG
Defendant

JUNE 25, 2008
_____
Date


_____
GEORGE L. HASSELBACK
Counsel for Defendant

JUNE 25, 2008
_____
Date


_____
BEVERLY R. McCALLUM
Assistant United States Attorney

June 27, 2008
_____
Date