PS 8
(8/88)

# United States District Court

for

THE DISTRICT OF NMI

FILED
Clerk
District Court

AUG 15 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

U.S.A. vs: **DOMINIC D. CHIPWELONG**     Docket No. CR 08-00017-001

## Petition for Action on Conditions of Pretrial Release

COMES NOW ___Melinda N. Brunson___ PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant ___Dominic D. Chipwelong___ who was placed under pretrial release supervision by the ___Honorable Alex R. Munson___ sitting in the court at ___Garapan, Saipan___ on the ___2nd___ date of ___June___, 20 __08__ under the following conditions:

*Please refer to Order Setting Conditions of Release, filed June 2, 2008.*

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here; if lengthy write on separate sheet and attach)

*The defendant is in violation 18 U.S.C. § 3142(c)(A), (c)(B)(i), (c)(B)(xiv)*

*Please see attached Declaration in Support of Petition.*

PRAYING THAT THE COURT WILL

Pursuant to 18 U.S.C. §3148, order that a warrant be issued for the defendant, and upon execution of the warrant, that this matter be set for a hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just and proper.

ORDER OF COURT

Considered and ordered this _15_ day of _August_, 20 _08_ and ordered filed and made a part of the records in the above case.

_____
U.S. District Designated Judge

Respectfully, _____
Melinda N. Brunson
U.S. Pretrial Services Officer

Place:   Garapan, Saipan

Date:   August 14, 2008

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>DOMINIC D. CHIPWELONG,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL CASE NO. 08-00017-001<br><br><br>**DECLARATION IN**<br>**SUPPORT OF PETITION** |

**Re:   Violation of Pretrial Release Conditions; Request for Warrant**

I, Melinda N. Brunson, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of pretrial release for Dominic D. Chipwelong, and in that capacity declare as follows:

On May 14, 2008, Dominic D. Chipwelong was named in a three-count Indictment, which alleges the following offenses: Count I - Conspiracy to Sell Government Property, in violation of 18 U.S.C. § 641; Count II - Theft of Government Property, in violation of 18 U.S.C. § 371; and Count III - Destruction of Veterans' Memorials, in violation of 18 U.S.C. § 1369. The defendant was specifically named in Counts I and II. On May 15, 2008, the defendant appeared before the court and entered a plea of not guilty to the charges. Trial was set for July 14, 2008.

On June 2, 2008, the defendant was released under the following conditions: that he remain in the custody of a court-approved third-party custodian; that he report to the U.S. Probation Office and submit to pretrial supervision; that he post a $5,000 unsecured bond; that he surrender his passport and travel documents and not obtain any new ones; that he not leave the island of Saipan without permission from the court; that he avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, unless in the presence of his attorney and only for the preparation of his defense; that he refrain from possessing a firearm, destructive device, or other dangerous weapon; that he refrain from any use of alcohol; that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner; that he submit to any method of testing required by the supervising officer for determining whether he is using a prohibited substance; that he report as soon as possible, to the pretrial services officer any contact with law enforcement personnel; and that he be allowed to attend to his father on a daily basis from 5:00am

DECLARATION IN SUPPORT OF PETITION
Violation of Pretrial Release Conditions; Request for Warrant
Re:    CHIPWELONG, Dominic D.
USDC Cr. Cs. No. 08-00017-001
August 14, 2008
Page 2

to 3:00pm (allowing for travel time to and from the residence) and that there be no weapons at his father's house.

On June 27, 2008, the defendant returned to court with his attorney and, pursuant to a written plea agreement, pled guilty to the Indictment. The court accepted his plea and scheduled sentencing for October 7, 2008. The defendant's release conditions were unchanged.

Mr. Chipwelong is alleged to have violated the following conditions:

**Mandatory Condition:** *The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case. [18 U.S.C. § 3142(c)(A)]*

**Special Condition:** *The defendant shall remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court. [18 U.S.C. § 3142(c)(B)(i)]*

**Special Condition:** *The defendant shall refrain from any use of alcohol. [18 U.S.C. § 3142(c)(B)(xiv)]*

**Special Condition:** *The defendant shall report as soon as possible, to the pretrial services officer any contact with law enforcement personnel. [18 U.S.C. § 3142(c)(B)(xiv)]*

**Special Condition:** *The defendant shall be allowed to attend to his father on a daily basis from 5:00am to 3:00pm (allowing for travel time to and from the residence). [18 U.S.C. § 3142(c)(B)(xiv)]*

On August 12, 2008, this officer received a telephone call from the defendant's mother, Yuriko Chipwelong, who reported that the defendant had been arrested by Department of Public Safety (DPS) Officers the night before and that he was still in custody at the Department of Corrections (DOC). This officer called the DPS records division and verified the information.

The police report, #08-0008352, indicates that DPS officers were called to the Chipwelong residence in Dan Dan around 10:00 in the evening on April 11, 2008. DPS Officer Daniel Quitugua arrived on the scene and discovered two male individuals in the middle of the road. They were later identified as the defendant and his brother, Tomaso Chipwelong. The officer approached the two men and one of them yelled, "Officer, it's the guy in the blue shirt making problem here." Officer Quitugua turned his attention to the man in the blue shirt (the defendant) and noticed that he was intoxicated. The officer asked what the problem was and the defendant yelled, "What, you mother

DECLARATION IN SUPPORT OF PETITION
Violation of Pretrial Release Conditions; Request for Warrant
Re:    CHIPWELONG, Dominic D.
USDC Cr. Cs. No. 08-00017-001
August 14, 2008
Page 3

fucker?" and appeared agitated. The officer felt threatened and pulled out his mace and sprayed him. The defendant turned to run, but the officer grabbed his shoulders. They tussled to the ground and the defendant refused to allow the officer to handcuff him. A neighbor assisted the officer in subduing the defendant and the officer was able to secure him in the back of his patrol vehicle. The officer then interviewed the defendant's mother. Mrs. Chipwelong informed the officer that the defendant began hitting her car, shouting, and damaging other items around the home. His brother, Tomaso, came to the house and attempted to control him, but the defendant became more angered and tried to attack him. That was when the officer arrived and arrested the defendant for Disturbing the Peace, Criminal Mischief, and Resisting Arrest. The defendant was book and confined.

On April 12, 2008, this officer proceeded to the residence in Dan Dan to interview Mrs. Chipwelong. According to her, the defendant left the residence of his third-party custodian and arrived at her house during the evening hours. Mrs. Chipwelong recognized that he was drunk and watched him fall down in the front yard. She helped him to a room in the wood and tin extension and left him to sleep off his intoxication. He later woke up and began yelling and throwing things around. His brother, Tomaso, tried to control him, but the defendant turned on him and tried to fight with him. The police arrived and arrested him. Mrs. Chipwelong acknowledged that the defendant resisted arrest and was sprayed with mace before being taken to the ground by the DPS officer.

Mrs. Chipwelong showed this officer two windows with missing glass louvers. She stated that the defendant smashed the windows while he was drunk. The glass shards were seen laying on the ground outside both windows. She pointed to a miniature refrigerator with a broken door and a gash on the rear side and said the defendant threw it against the wall and broke it. She said he also damaged a standing fan. Mrs. Chipwelong stated that she cannot control the defendant when he is drunk. She also stated that the defendant caused the commotion in front of several of her grand-children and scared them.

To date, neither the defendant nor his third-party custodian have reported the incident to this office.

On August 14, 2008, DOC officers reported to this officer that the defendant had been released from custody on August 12, 2008 at 10:00 p.m.

**Supervision Compliance:**   The defendant submits monthly reports and presents himself to this office when instructed to do so.

**Recommendation:**   It is requested that a warrant be issued pursuant to 18 U.S.C. § 3148, for the defendant's appearance at a hearing scheduled by the Court, and at that hearing, the defendant be

DECLARATION IN SUPPORT OF PETITION
Violation of Pretrial Release Conditions; Request for Warrant
Re:     CHIPWELONG, Dominic D.
USDC Cr. Cs. No. 08-00017-001
August 14, 2008
Page 4

held to answer or show cause why bail should not be revoked or why his conditions of release should not be modified, or for any other reason for which the Court may deem just and proper.

    I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

    Executed this 14th day of August 2008, at Garapan, Saipan, in conformance with the provisions of 28 U.S.C. § 1746.

                            Respectfully submitted,
                            ROSSANNA VILLAGOMEZ-AGUON
                            Chief U.S. Probation Officer

By:    _____
                            MELINDA N. BRUNSON
                            U.S. Probation Officer

Reviewed by:
_____
CARMEN D. O'MALLAN
U.S. Probation Officer
Supervision Unit Leader

cc:    Beverly McCallum, Assistant U.S. Attorney
       George Hasselback, Defense Attorney
       File